COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO.
2-03-012-CR
JESUS DELGADO LUNA           
           
           
           
           
   APPELLANT
V.
THE STATE OF TEXAS       
           
           
           
           
           
 STATE
------------
FROM THE 372
ND DISTRICT COURT OF
TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
Introduction
Appellant Jesus Delgado Luna appeals from
his conviction for aggravated sexual assault of a child less then fourteen years
of age. In his sole point, he argues that the trial court improperly considered
his guilty plea in denying his motion for forensic DNA testing. We affirm.
Discussion
Appellant pled guilty to aggravated sexual
assault of a child less than fourteen years of age. The trial court sentenced
him to forty-five years' confinement. Appellant then filed a motion for DNA
testing. The court denied appellant's motion because he failed to satisfy the
requirements of article 64.03 of the code of criminal procedure. Tex. Code Crim.
Proc. Ann. art. 64.03 (Vernon Supp. 2003).
In his sole point, appellant contends that
the trial court improperly considered his guilty plea in denying his motion for
forensic DNA testing. The State responds that the trial court properly denied
appellant's motion because identity was not an issue in the case, and the
evidence had already been subjected to DNA testing with no likelihood of more
accurate results.
Article 64.03 states that a court may
order forensic DNA testing only if identity was or is an issue in the case. Id.
art. 64.03(a)(1)(B). While it is true that anyone may request DNA testing, by
its explicit terms, article 64.03 does not require the trial court to grant the
request in all cases; a court must order testing only if the statutory
preconditions are met. Bell v. State, 90 S.W.3d 301, 306 (Tex. Crim.
App. 2002). It further requires that a "convicted person who pleaded guilty
. . . in the case may submit a motion under this chapter, and the convicting
court is prohibited from finding that identity was not an issue in the case solely
on the basis of that plea." Tex. Code Crim. Proc. Ann. art. 64.03(b)
(emphasis added). Therefore, this statute does not guarantee a person who pled
guilty the right to DNA testing; it simply prohibits a convicting court from
using a guilty plea to deny DNA testing. Bell, 90 S.W.3d at 306-07.
We conclude that the trial court did not
improperly rely on appellant's guilty plea to find that identity was not an
issue. The State filed the affidavit of Anna Juarez, the victim's mother, with
its reply to appellant's motion for forensic DNA testing. Juarez stated that
she, appellant, and the victim were sleeping in the same bedroom the night the
assault occurred. Juarez woke up when she heard her daughter saying, "Stop
it, stop it." She then realized that her daughter was not in the bed beside
her, but was on the floor next to appellant. When Juarez pulled the covers off
of them, appellant's penis was on top of the victim's leg, and she saw sperm and
blood on the victim's legs and private parts.
Because the trial court had Juarez's
affidavit identifying appellant as the attacker and placing him in the bedroom
when the assault occurred, the trial court did not find that identity was not an
issue based solely on appellant's guilty plea. See Tex. Code Crim.
Proc. Ann. art. 64.03(b). Thus, the trial court properly denied appellant's
request for forensic DNA testing.
The State also argues that under article
64.01(b)(2) appellant presented no evidence showing that some newer DNA test
would likely provide more accurate and probative results than the DNA-RFLP test.
Id. art. 64.01(b)(2); Rivera v. State, 89 S.W.3d 55, 59 (Tex.
Crim. App. 2002) (holding chapter 64 requires a defendant to establish that a
reasonable probability exists that exculpatory DNA testing of the evidence would
prove his innocence). The analyst of the DNA samples concluded that the
probability of selecting an unrelated individual matching the appellant's
profile was one in greater than 5.5 billion Caucasians or African-Americans, one
in 5.2 billion Southeastern Hispanics, and one in one billion Southwestern
Hispanics. Given these results and the lack of any controverting evidence,
appellant failed to show a reasonable likelihood that new testing techniques
would provide a more accurate result. Therefore, the trial court properly denied
his motion for forensic DNA testing. See Tex. Code Crim. Proc. Ann.
art. 64.01(b)(2); Rivera, 89 S.W.3d at 59. Accordingly, we overrule
appellant's sole point.
Conclusion
Having overruled appellant's sole point,
we affirm the trial court's judgment.
 
          
           
           
           
           
           
PER CURIAM
 
PANEL F: LIVINGSTON, HOLMAN, and GARDNER,
JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: August 14, 2003

1. See Tex. R. App. P. 47.4.